Curia, per

Frost, J.
On an indictment for cow-stealing, as for larceny, where the owner of the property is known, the property must be expressly laid to be in him, and so proved. If he be misnamed, or if it appear that the owner is another person from him named as such in the indictment, the variance will be fatal, and the defendant must be acquitted. The name of the owner, then, is a material part of the statement of the offence. The first indictment, alleging the cow to be the property of John Gruber, does not state the same offence as that charged in the second indictment, alleging the cow- to be the property of John Gruber Akerman. On the trial of the first, if it were not proved that the cow was the property of John *222 Gruber, the defendant would be acquitted; as he would be on the second, if the cow was not proved to be the property of John Gruber Akerman. The only way in which it can be shewn that the offences are the same, is-by proving that John Gruber and John Gruber Akerman are the same person. This can only be in case the same person is commonly as well known by one name as by the other. Accordingly, in Hale’s P. C. it is laid down, “if a man be indicted for the robbery or murder of John Styles, and acquitted, and after, is indicted of the robbery or murder of John Nokes, yet he may plead autrefois acquit, and aver it to be the same person, notwithstanding the variance in the sirname, and that he was as well known by one name as by the other — for a man may have several sir-names.”
Another test by which to try the question whether the plea of autrefois acquit is sufficient in any particular case is, “whether the evidence necessary to support the second indictment, would have been sufficient to procure a legal conviction upon the firstArchbold C. P. On the other indictment, it was necessary to prove the cow to be the property of John Gruber Akerman. On that proof, the defendant would be, and in fact was, acquitted on the first, which shews that the same offence was not charged in the first indictment which ' is charged in the second. But if John Gruber Akerman is commonly as well known by the name of John Gruber, proof of that fact would support either indictment, and defendant’s plea would be good. That fact, however, was not proved, and the motion for a new trial must be refused.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.
Richardson, J. dissented.